IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNILOC USA INC. and UNILOC LUXEMBOURG S.A., | § § § | |
| Plaintiffs, | § | Civil Action Nos. 4:17-cv-0825-O |
| | § | 4:17-cv-0826-O |
| v. | § | 4:17-cv-0827-O |
| | § | 4:17-cv-0828-O |
| LG ELECTRONICS USA, et al., | § | 4:17-cv-0829-O |
| | § | 4:17-cv-0832-O |
| | § | 4:17-cv-0858-O |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Combined Motion to Transfer Venue[1] (ECF No. 22)[2], filed February 21, 2018. Defendants move to transfer the above-referenced cases pursuant to 28 U.S.C. § 1404(a) to the Northern District of California (the "NDCA"). Having considered the pleadings and applicable law, Defendants' motion to transfer the above cases is **GRANTED**.

## I.   BACKGROUND

This is a patent infringement dispute. Plaintiff Uniloc Luxembourg ("UL") is the owner, by assignment, of the seven patents in question, and Plaintiff Uniloc USA ("Uniloc") (UL and Uniloc, are collectively referred to as "Plaintiffs") is the exclusive licensee of the seven patents (collectively the "patents-in-suit"). Am. Compl. 2, ECF No. 18.

---

[1] The seven cases concern seven different patents, but the parties, relevant facts, and law regarding the motion to transfer are the same in each case. Additionally, the briefing in each case is the same. Therefore, the Court considers the motions in one Order. All ECF Numbers in this document refer to the docket in Case No. 4:17-cv-825, as it is the first filed case.

[2] The following are the ECF Numbers of the Motions to Transfer in the above-styled cases: Civil Action No. 4:17-cv-825-O, ECF No. 22; Civil Action No. 4:17-cv-826-O, ECF No. 17; Civil Action No. 4:17-cv-827-O, ECF No. 21; Civil Action No. 4:17-cv-828-O, ECF No. 21; Civil Action No. 4:17-cv-829-O, ECF No. 21; Civil Action No. 4:17-cv-832-O, ECF No. 20; Civil Action No. 4:17-cv-858-O, ECF No. 19.

UL is a Luxembourg corporation with its principal place of business in Luxembourg. *Id.* at 3. Uniloc maintains executive offices in Newport Beach, California, an office in Plano, Texas, and another office in Tyler, Texas. Defs.' Mot. Trans. 6, ECF No. 22. Defendant LG Electronics Korea ("LGEKR") is a Korean corporation with its principal place of business in Seoul, Republic of Korea. *Id.* Defendant LG Electronics United States ("LGEUS"), a wholly-owned subsidiary of LGEKR, has been registered and maintained business locations in California since 1981. *Id.* Defendant LG Electronics MobileComm U.S.A. ("LGEMU") (LGEKR, LGEUS, LGEMU, collectively "Defendants"), a wholly-owned subsidiary of LGEUS, is a California corporation with places of business in San Diego and San Jose, California. *Id.* at 4.

A venue determination is a largely fact-specific inquiry. Rather than set forth the remaining facts in detail here and then repeat them in its legal analysis, the Court will—in the interest of efficiency and brevity—discuss and apply the pertinent facts presented by the parties in the context of the legal standards set forth below.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer any civil case "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have [originally] been brought." The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988).

A threshold inquiry is whether the suit "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) [hereinafter *Volkswagen II* ]. Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Id.* at 312 n.9; *see also Gulf Oil Corp. v. Gilbert*, 330

U.S. 501, 507–08 (1947). "It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiffs' choice of venue is entitled." *Volkswagen II,* 545 F.3d at 315. The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.*

When considering whether to grant a motion to transfer venue, courts must consider a series of public and private interest factors, none of which is dispositive. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws . . . .'" *Id.* A court may transfer venue when these factors show that a different venue would be more convenient for the parties involved. *Id.* at 314. "Although [these factors] are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Id.* at 315. Further, "none [of these factors] can be said to be of dispositive weight." *Id.* (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

When transferring venues would simply shift inconveniences, transfer is inappropriate. *First Fitness Int'l, Inc. v. Thomas*, 533 F. Supp. 2d 651, 658 (N.D. Tex. 2008). Fifth Circuit precedent clarifies that the plaintiff's choice of venue is not a distinct factor in the § 1404(a) analysis, but "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 314–15.

The purpose of § 1404(a) "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). As a result, in addition to the private and public interest factors, "in appropriate circumstances, courts have analyzed the goal of preventing unnecessary inconvenience and expense under the rubric of 'judicial economy.'" *Patent Harbor, LLC v. Twentieth Century Fox Home Entm't, LLC*, 2012 WL 1903875, at *2 (E.D. Tex. May 25, 2012). Further, "courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *Id.* (quoting *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010)) (additional citation omitted); *see also* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in *the interest of justice* . . . .") (emphasis added). In certain cases, the potential "inconvenience" of the parties may be outweighed by judicial economy considerations. *See, e.g., ColorQuick LLC v. Vistaprint Ltd.*, 2010 WL 5136050, at *7 (E.D. Tex. July 22, 2010); *In re Vistaprint, Ltd.*, 628 F.3d at 1345 (denying transfer where most convenience factors weighed in favor of transfer since "[t]he parties and the judiciary would benefit from the Court's familiarity with the patent-in-suit, which would require a substantial investment of time, energy and money to replicate.")

### III. ANALYSIS

    **A. Proper Venue**

Before considering the private and public interest factors, as well as the question of whether a transfer is in the interest of justice, the Court must determine whether this case could have originally been brought in NDCA. As neither party contests that the case could have originally been brought in NDCA, the Court examines the other § 1404 factors. Pls.' Resp. Mot. Trans. 3 n.3, ECF No. 28; Defs.' Mot. Trans. 2, ECF No. 22.

**B.    Public Interest Factors**

    1.    <u>Local Interest</u>

The Court considers the local interest in this litigation because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (quoting *Gulf Oil*, 330 U.S. at 508–09). Defendants argue that NDCA has a strong interest in this case because the case calls into question the work or reputation of individuals, investors, and businesses who reside in or near NDCA. Defs.' Mot. Trans. 12, ECF No. 17; *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2008); *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 779 (E.D. Tex. 2014). Defendants also argue that Uniloc's operational decisions are made in NDCA. Defs.' Mot. Trans. 12, ECF No. 22. They assert that key parts of Uniloc's business are managed from California and that Uniloc has a headquarters in California. Defs.' App. Mot. Trans. 57, 71, 73, 126, 136, ECF No. 23. Defendants argue that this district lacks any meaningful connections to these cases. Defs.' Mot. Trans. 13, ECF No. 22. The patents-in-suit were not developed in Texas, no party has offices in the Northern District of Texas (the "NDTX"), and the inventors do not live in Texas. *Id.*

Plaintiffs respond that Defendants' arguments are merely speculative and should be rejected. Pls.' Resp. Mot. Trans. 6, ECF No. 28. Plaintiffs argue that the state of Texas has a significant interest in preventing patent infringement within its borders. *Id.* at 7 (quoting *GSK*

*Techs., Inc. v. Schneider Elec., S.A.*, 2007 WL 788343, at *4 (E.D. Tex. Mar. 14, 2007). While this is true, the same is true for California, or any state in the Union. Any allegations of patent infringement that might take place in this District are akin to allegations that could implicate "virtually any judicial district and division of the United States," which do not give every such judicial district a particularized local interest in adjudicating the dispute. *Volkswagen II*, 545 F.3d at 318. Local interest in these cases weighs in favor of the transfer to NDCA.

    2.   Court Congestion

To determine court congestion, "courts commonly consider the Federal Judicial caseload statistics." *USPG Portfolio Two, LLC v. John Hancock Real Estate Fin., Inc*., 2011 WL 1103372, at *5 (N.D. Tex. Mar. 25, 2011) (Fitzwater, J.). Court congestion can be measured by "whether a trial may be speedier in another court because of a less crowded docket." *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). The Federal Circuit has described court congestion as "the most speculative [factor]" since "case-disposition statistics may not always tell the whole story." *Id*. The median time to trial in patent cases is 37.3 months in NDTX and 33.0 months in NDCA. Defs.' App. Mot. Trans. (Legal Metric Report for Patent Cases) 275, 277, ECF No. 23. The small difference leans slightly in favor of transfer.

    3.   Familiarity with the Law and Conflicts of Law

The parties agree that the third and fourth public interest factors—familiarity of the forum with the law that will govern the case and avoidance of unnecessary problems of conflicts of laws—are neutral. Defs.' Mot. Trans. 13, ECF No. 22; Pls.' Resp. Mot. Trans. 7, ECF No. 28. Accordingly, the Court need not address these factors in detail.

  **C.**  **Private Factors**

    1.   Relative Ease of Access to Sources of Proof

The first private interest factor is relative ease of access to sources of proof. *See Volkswagen II*, 545 F.3d at 316. Defendants contend that it will be substantially more convenient to access sources of proof in NDCA because many of the technical documents and witnesses related to the patents-in-suit can be found at the LG Santa Clara Office and LGEMU's facility in San Diego. Defs.' Mot. Trans. 14, ECF No. 22; Defs.' App. Mot. Trans. 29–30, ECF No. 23. In contrast, Defendants claim neither party has any meaningful connection with NDTX. *Id.* at 30–31.

Defendants also argue that relevant third-party evidence is mostly located in NDCA—documents related to the development of the technology, the developer of half the patents-in-suit, and five of the named inventors—all reside in NDCA. *Id.* 165–67, 169–77, 200–12. Finally, Uniloc documents are either electronically available, or in Plano, which is in the Eastern District of Texas (the "EDTX"). Defs.' Mot. Trans. 16, ECF No. 22; Defs.' App. Mot. Trans. 10, 78–79, 85–6, 88–9, 90, 98, 103, ECF No. 23.

Plaintiffs respond that Defendants arguments are irrelevant—that the proof and documents that Defendants claim are so important are not necessary to the case. Pls.' Resp. Mot. Trans. 8–9, ECF No. 28. Additionally, Plaintiffs point out that their documents are housed in Plano, documents that may be very important in this case. *Id.* at 10.

This factor also weighs in favor of transfer. No document or piece of evidence resides in NDTX, and while Plano is closer to NDTX than to NDCA, there are potentially relevant documents and evidence that are physically located in NDCA.

    2.    <u>Cost of Attendance for Willing Witnesses</u>

The second private interest factor is the cost of attendance of willing witnesses. *See Volkwagen II*, 545 F.3d at 317. "[I]t is the convenience of non-party witnesses, rather than of party witnesses, that is more important and accorded greater weight in a transfer of venue analysis."

*Frito Lay*, 867 F. Supp. 2d at 871. The Fifth Circuit established the "100–mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–06. Where witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech*, 566 F.3d at 1344.

Defendants identify ten third-party inventors and three prosecuting attorneys that reside or work in NDCA. Defs.' App. Mot. Trans. 279–90, ECF No. 23. "[I]nventors and prosecutors are . . . likely to have relevant testimony" in a patent infringement suit. *Advanced Display Techs. of Texas, LLC v. AU Opronics Corp.*, No. 6:11-cv-11, 2012 WL 12839376, at *4 (E.D. Tex. Mar. 27, 2012) (Attachment 8). Plaintiffs respond that Defendants have cherry-picked their witnesses and most of Defendants' witnesses are either in Korea or New Jersey. Pls.' Resp. Mot. Trans. 12, ECF No. 28. Additionally, Defendants claim that Plaintiffs' witnesses are as easily able to travel to NDTX as to NDCA and it does maintain offices in Plano, which is closer to NDTX than to NDCA. *Id.* at 13.

Nothing that either party submitted convinces the Court that this district is more convenient than any other district. Both parties have potential international witnesses, neither party identified potential witnesses who live in NDTX, but some potential witnesses live in NDCA. The fact that some potentially relevant witnesses and evidence is located in NDCA weighs in favor of transfer.

   3. <u>Availability of Compulsory Process to Secure Attendance of Witnesses</u>

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena. The Court's subpoena power is limited by Rule

45(b)(3), to those witnesses who work or reside less than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. This factor would weigh in favor of transfer if the majority of nonparty witnesses are located in the Northern District of California. *See id*. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *Core Wireless Licensing SARL, v. Apple, Inc.*, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013). "The factor will weigh the heaviest in favor of transfer when a transferee venue is said to have 'absolute subpoena power' [which is] subpoena power for both depositions and trials." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, 2010 WL 3835762, at *5 (E.D. Tex. Sept.28, 2010), mandamus denied, *In re Google Inc.*, 412 F. App. 295 (Fed. Cir. 2011) (citations omitted).

As described above, the parties have identified potential third-party witnesses located not just in California, but elsewhere in the United States and in foreign countries. As neither district would have absolute subpoena power, on the record presented, the Court concludes this factor is neutral. *See Eolas Techs., Inc.*, 2010 WL 3835762, at *5 (finding this factor neutral where neither district would have absolute subpoena power).

    4.    <u>Other Practicalities that Make Trial of Case Easier, Expeditious, and Inexpensive</u>

Plaintiffs argue that the costs of food, hotel space, and other costs are lower in Texas than in California. Pls.' Resp. Mot. Trans. 13, ECF No. 28. Defendants argue that because multiple lawsuits involving Uniloc were already transferred to NDCA, this weighs in favor of transfer. Defs.' Mot. Trans. 22, ECF No. 22. This argument is examined further below and the Court finds that judicial economy does weigh in favor of transfer. *See infra,* Part III.D (Judicial Economy).

    **D.**    **Judicial Economy**

"Generally, a court should transfer a case where most of the witnesses and evidence in the case are closer to the transferee venue, with few or no convenience factors favoring the venue chosen by the plaintiff." *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). In certain circumstances, however, the Federal Circuit has found that "[c]onsideration of interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citation and internal marks omitted); *see also* 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FED. PRAC. & PROC. § 3854, 439–40 (2d ed.1986) ("the interests of justice may be decisive in ruling on a transfer motion even though the convenience of parties and witnesses point in a different direction.").

Defendants argue that judicial economy weighs in favor of granting the motion because all the patents asserted here are also asserted in eight cases filed against Apple, Inc. ("Apple") in the EDTX. Defs.' Mot. Trans. 1, ECF No. 22. The Court in EDTX granted Apple's motion to transfer those cases to NDCA. *Id.* The patents in these cases are the same as those in the claims asserted against Apple, and, so Defendants argue, judicial economy would be best served by allowing the same district court to hear testimony and make decisions regarding those patents. *Id.* at 12. Plaintiffs argue that the Apple cases were transferred after this case was filed, meaning this Court can only consider where the Apple cases were originally filed, not the situation as it now exists. Pls.' Resp. Mot. Trans. 4–5, ECF No. 28.

This Court finds that judicial economy is served by allowing one court to decide similar issues so that this factor weighs in favor of transfer. Plaintiffs cite cases warning against allowing related cases to override other contrary factors regarding transfer, but those cases are not factually analogous. *See In re Google*, 2017 WL 977038, *3 (Fed. Cir. Feb. 23, 2017) (finding that the

weight of the factors required a transfer, reversing the lower court's decision to deny the motion based on related cases). Here, other factors—location of evidence, witnesses, and most of all, the lack of any real presence in NDTX—all weigh in favor of transfer, so judicial economy acts as another non-dispositive factor that also weighs in favor of transfer.

### E. Summary

The Court has considered the private and public interest factors together and does not assign dispositive weight to any one factor. *See Volkswagen* I, 371 F.3d at 203. The public and private factors under § 1404, as well as judicial economy, weigh in favor of transfer or are neutral. Therefore, Defendants have met their burden to show good cause that this case should be transferred to NDCA, and the motions to transfer should be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendants' request to transfer these cases is **GRANTED**. Therefore, the above styled and numbered cases, *see supra* n.2, are **TRANSFERRED** to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED** on this **14th day** of **May, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE